**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 23-10736-smr** |
| **SAL ATX, LLC,** | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

**FEE APPLICATION SUMMARY**

## I. CLIENT

Randolph N. Osherow, not individually but in his capacity as the duly appointed chapter 7 trustee herein (the "Trustee")

## II. REQUESTING FIRM

Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt" or "Applicant"), general bankruptcy counsel to the Trustee

## III. TOTAL AMOUNT OF FEES REQUESTED

a. Fees: $68,926.00 (including requested $5,000 reserve for final estate administration)
b. Expenses: $280.33
c. Total request for present / final payment: $69,206.33
d. Pre-petition retainer, if any: $0.00
e. Time period covered: April 10, 2024 through December 31, 2024
f. Voluntary reductions: $4,132.00

## IV. BREAKOUT OF CURRENT APPLICATION

| Name (Capacity) | Total Hours | Rate | Total |
|---|---|---|---|
| Jay H. Ong (shareholder) | 14.30 | $750.00 | $10,725.00 |
| Jay H. Ong (shareholder) | 32.90 | $650.00 | $21,385.00 |
| Beverly A. Bass (associate) | 36.20 | $440.00 | $15,928.00 |
| Beverly A. Bass (associate) | 38.50 | $380.00 | $14,630.00 |
| Conor P. White (associate) | 3.40 | $370.00 | $1,258.00 |

Expenses[1]

| | |
|---|---|
| Postage | $0.64 |
| Pacer Research | $13.20 |
| Parking/Cab/Mileage | $5.38 |
| Westlaw Research | $54.61 |
| Filing Fee | $199.00 |
| Overtime | $7.50 |

AMOUNT ALLOCATED FOR PREPARATION OF THIS FEE APPLICATION: $4,255.50[2]

## V. PRIOR APPLICATIONS

Munsch Hardt has not filed any previous applications for compensation.

## VI. OTHER CO-EQUAL OR ADMINISTRATIVE CLAIMANTS IN THIS CASE

Allowance of this Application will not result in the Estate not being able to pay all co-equal or superior administrative claims in this case. Pursuant to the Court's prior *Stipulated and Agreed Order Among Chapter 7 Trustee and Magnolia BridgeCo, LLC, Providing For Conditional Collateral Surcharge and Priming Liens Pursuant to 11 U.S.C. §§ 506(c) and 364(d)* [Docket No. 367] ("Financing Order"), entered pursuant to section 506(c), the Debtor's secured lender Magnolia BridgeCo, LLC ("Magnolia BridgeCo") agreed to accommodations enabling the Trustee to pay allowed, Chapter 7 administrative expense priority claims to the extent that the Court-approved sale, did not produce sufficient net proceeds to fund the corresponding administration of the Estate.

Other potential Chapter 7 administrative expense priority claims in the case include additional claims by Estate professionals for continuing case administration, comprised of the Trustee. The Trustee's sale agent has been fully paid and reimbursed pursuant to prior Court Order(s), and the Trustee has received interim compensation following the closing of the sale. *See, e.g.,* Docket Nos. 422, 425. 427.

## VII. RESULTS OBTAINED

Task 01 - General Case Administration / Bankruptcy Advice (3.50 hours - $1,375.00). Under this project billing task code, Munsch Hardt coordinated and corresponded with the Trustee and other parties regarding general administrative matters. Munsch Hardt further consulted and coordinated with the Trustee regarding estate accounting from time to time

---

[1] Pursuant to rule 2016 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas, a Reimbursement Support Exhibit, reflecting receipts for expenses incurred in excess of $100.00, is attached hereto as **Exhibit "B"** (the "Reimbursement Support Exhibit") and incorporated herein by reference for all purposes.

[2] Certain amounts incurred for preparation of this Final Fee Application and costs associated with closing of the Estate have not been incurred during the time period applicable to this Application and therefore are not encompassed under the invoice documentation provided herewith. Compensation and reimbursement for any such additional amounts following this final Application will be resolved through the requested $5,000 reserve for final estate administration to the extent authorized by the Court, or waived. Munsch Hardt reserves all rights with respect to same.

and to coordinate case closing matters. This project area also includes advice and counsel provided to the Trustee that does not generally fall within the scope of another task code.

Task 02 – Cash Collateral / Post-Petition Financing (4.20 hours - $1,920.00). Work done under this task code relates primarily to Munsch Hardt's efforts to prepare and prosecute the financing stipulation and order for the Court's authorization in order to secure the Trustee and Estate's unliquidated claim to surcharge the property, as Magnolia BridgeCo's collateral, and as a critical measure and service to ensure Estate funding for its Chapter 7 administration, including the costs of liquidating the property and administering any net proceeds through the Estate.

Task 03 - Asset Investigation / Pursuit / Preservation / Protection (0.70 hours - $455.00). Under this task code, Munsch Hardt provided customary services to the Trustee and Estate to evaluate and potentially address property maintenance and preservation.

Task 04 – Schedules, SOFA, US Trustee Communications, Reporting (2.20 hours - $1,094.00). Under this task code, Munsch Hardt customarily communicated with the U.S. Trustee regarding case matters and action items, including matters relating to the post-conversion 341 meeting and reporting to the United States Trustee. Under this task code, Munsch Hardt also provided services relating to the Trustee's Expedited Motion to Compel Turnover, to the extent relating to the Debtor's last two tax returns.

Task 05 - Employment and Fee Applications (46.60 hours - $18,246.00). Under this task code, Munsch Hardt prepared applications to employ for Munsch Hardt, as bankruptcy counsel to the Trustee and Hilco Real Estate, LLC ("Hilco"), as the Estate's exclusive real estate broker. Work related to these applications involved the review of the Debtor's objection to Hilco's application and drafting the Trustee's reply to the objection. Under this service area, Munsch Hardt further reviewed fee applications filed and prepared by the Debtor's previously employed counsel, prepared, filed and resolved the Trustee's interim application for compensation, and also included under this task code services itemized in the foregoing summary for preparation of this Application.

Task 06 - Automatic Stay (0.00). This task code is null under this Application.

Task 07 – Plan and Disclosure Statement (0.00). As a chapter 7 case, this task code is null under the Application.

Task 08 - Claims Administration / Objections (1.90 hours - $1,089.00). Under this task code, Munsch Hardt reviewed and analyzed filed proofs of claims and interests, including Magnolia BridgeCo's objection to NIA ATX's proof of claim and the Debtor's objection to Magnolia BridgeCo's proof of claim, and assisted in the resolution of such objections.

Task 09 - Other Contested Matters (13.30 hours - $6,890.00). Work under this task code relates to the assessment, review, and litigation of issues that do not fit precisely under other related task codes. These include without limitation, the litigation of a motion to reconsider the Court's conversion of the case and motion to dismiss filed by the Debtor and counsel for the Debtor's motion to withdraw, as well as the Trustee's motion to compel

the turnover of Estate assets and records. Munsch Hardt reviewed, analyzed, and prepared for the foregoing matters while advising the Trustee and coordinating his instructions as to all such matters.

Task 10 - Communication with Debtor (1.20 hours - $780.00). Under this task code, Munsch Hardt led and handled correspondence and coordination with the Debtor and former Debtor's counsel regarding the bankruptcy case generally, and to transition estate administration to the Trustee. This coordination included but was not limited to, the Trustee's efforts to identify and assess the status and condition of the Estate and take custody of Estate records, handling of logistics for the transition of custody of property of the Estate, potential sale matters, and discussions regarding other matters implicated under other service areas.

Task 11 - Communications with Creditors (1.50 hours - $910.00). Under this task code, Munsch Hardt primarily handled on behalf of the Trustee correspondence and coordination with Magnolia BridgeCo regarding its claims and interests and multiple facets of the case, including but not limited to the sale of the real property located at 903 Edgecliff Terrace, Austin, TX 78704 in Austin, Texas (the "Property"), and the Debtor's objection to the employment of Hilco, and other matters implicated under other service areas.

Task 12 - Sales / Asset Liquidation (54.80 hours - $29,627.00). This task code constitutes by far the primary service area where Munsch Hardt's efforts and services on behalf of the Estate were focused. Here, Munsch Hardt successfully formulated, proposed, administered, and coordinated the Trustee's successful sale of the Property, including implementation and administration of Court-approved sale procedures, and coordination with the Magnolia BridgeCo, Hilco and potential buyers regarding marketing, bidding, hearings, and the closing. Through these efforts, the Estate produced approximately $1,950,000.00 in gross revenue.

Task 13 - Adversary Proceedings / Litigation / Discovery (0.10 hours - $65.00). Under this task code, Munsch Hardt reviewed and analyzed a state court foreclosure (injunctive) action initiated by the Debtor (and related entity Maya J, ATX, LLC).

Task 14 – Executory Contracts / Leases (3.10 hours - $1,475.00). Under this task code, Munsch Hardt provided assistance to the Trustee to prepare, file and resolve an initial request by the Trustee during the initial stage of his administration, to extend the deadline to assume or reject any executory contracts and/or unexpired leases that might be held by the Estate pursuant to section 365 of the Bankruptcy Code – including potentially in relation to the Property, and in order to preserve and maximize the Estate's interests.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 23-10736-smr** |
| **SAL ATX, LLC,** | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

**FIRST AND FINAL APPLICATION OF MUNSCH HARDT KOPF & HARR, P.C. FOR THE ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL TO THE TRUSTEE AND REQUEST OF PAYMENT OF SAME**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE SHAD M. ROBINSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt"), general bankruptcy counsel to Randolph N. Osherow, not individually but in his capacity as the duly appointed chapter 7 trustee (in such capacity, the "Trustee"), for and on behalf of SAL ATX, LLC (the "Debtor") and its bankruptcy estate ("Estate") in the above-styled and referenced bankruptcy case (the "Bankruptcy Case"), and files this its *First and Final Application of Munsch Hardt Kopf & Harr, P.C. for the Allowance of Fees and Reimbursement of Expenses as General Bankruptcy Counsel to the Trustee* (the "Final Fee Application"), respectfully stating as follows:

## I. SUMMARY OF RELIEF REQUESTED

1. By this Final Fee Application, Munsch Hardt requests the Court's allowance, on a final basis, of the fees and expenses incurred in its role as general counsel to the Trustee for the period of April 10, 2024, through and including December 31, 2024 (the "Subject Period"), as set

forth fully on the invoice attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes (the "Invoice").[3] Munsch Hardt requests the final allowance and payment of fees incurred during the Subject Period in the amount of $68,926.00 (the "Requested Fees"), including a proposed $5,000 reserve to compensate and reimburse Munsch Hardt for final services to the Trustee anticipated to assist with his final report and closing of the case, and the reimbursement of expenses incurred during the Subject Period in the amount of $280.33 (the "Requested Expenses").

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the standing Western District of Texas Order of Reference of Bankruptcy Cases and Proceedings. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and a matter that arises exclusively under the provisions of the Bankruptcy Code, as to which the Court accordingly has the power consistent with the United States Constitution to enter a final order. The Trustee expressly consents to such a final disposition by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules").

---

[3] To save the Estate's photocopying and postage expenses, Munsch Hardt is not serving the Invoice or the Reimbursement Support Exhibit on all parties to this bankruptcy case receiving notice (only) by U.S. mail. Any party wishing to obtain a copy of said Exhibit "A" and/or Exhibit "B" (Reimbursement Support Exhibit) may obtain same free of charge by contacting the undersigned counsel.

## III. BACKGROUND

4. On September 5, 2023 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case") and thereby creating the Debtor's estate pursuant to 11 U.S.C. § 541 (the "Estate").

5. On April 3, 2024, the Court entered its *Order Converting Case* (the "Conversion Order"), converting the Bankruptcy Case to chapter 7. With the docketing of the Conversion Order, the Court added the Trustee to the Bankruptcy Case to administer the Estate as the chapter 7 trustee.

6. Prior to the conversion of the case (and prior to the filing of the Magnolia BridgeCo's amended proof of claim), on February 25, 2024, the Debtor objected to Magnolia BridgeCo's secured claim [Docket No. 169]. Subsequently, on February 26, 2024, the Debtor amended its objection to the Magnolia BridgeCo's secured claim [Docket No. 173] (the "Debtor's Amended Lender Claim Objection"), and the next day, on February 27, 2024, Magnolia BridgeCo filed an objection to the claim of NIA ATX LLC [Docket No. 175].

7. On March 27, 2024, Magnolia BridgeCo responded to the Debtor's Amended Lender Claim Objection [Docket No. 244] and following a hearing, the Court entered its Orders denying Debtor's Lender Claim Objection [Docket Nos. 399]. On April 24, 2024, the Court entered an Order sustaining the Magnolia BridgeCo's objection to the claim of NIA ATX [Docket No. 305]. During this time, Munsch Hardt represented the Trustee and the Estate with respect to the foregoing claim objections and in order to ensure appropriate resolutions thereof.

8. On April 8, 2024, the Debtor filed its *Motion to Extend Deadlines and for Reconsideration of Order Converting Case* [Docket No. 287] ("Reconsideration Motion"). The United States Trustee, as well as Magnolia BridgeCo, each objected to the Reconsideration Motion. *See* Docket Nos. 300, 301. On May 20, 2024, the Court entered its Memorandum Opinion

determining to deny the Reconsideration Motion, and its corresponding Order. *See* Docket Nos. 324, 325.

9. On May 9, 2024, the Trustee filed his *Application to Employ Munsch Hardt Kopf & Harr, P.C. as General Bankruptcy Counsel to the Trustee* [Docket No. 313], seeking to employ Munsch Hardt as his general bankruptcy counsel. On June 6, 2023, the Court entered its *Order Approving Application to Employ Munsch Hardt Kopf & Harr, P.C. as General Bankruptcy Counsel to the Trustee* [Docket No. 339], whereby the Trustee was authorized to retain and employ Munsch Hardt as his general bankruptcy counsel, effective as of April 10, 2024.

10. On May 31, 2024, the Debtor filed its *Motion to Dismiss Case* [Docket No. 337] ("Motion to Dismiss"). On June 21, 2024, the Trustee and Magnolia BridgeCo filed their Joint Response to the Motion to Dismiss [Docket No. 348], advocating the Court's denial of the Debtor's duplicative Motion to Dismiss, to allow the Trustee to liquidate the assets and finally bring substantial closure to this case and the Debtor's protracted disputes with its secured creditor.

11. Also on May 31, 2024, the Trustee filed his *Application to Employ Hilco Real Estate, LLC as Real Estate Broker to the Trustee and the Estate* [Docket No. 336] (the "Application"), thereby seeking the Court's authorization to engage Hilco Real Estate, LLC as the Estate's real estate broker and agent ("Sale Agent") for the potential sale of the Property. On June 21, 2024, the Debtor filed its objection to the Trustee's Application to employ its proposed Sale Agent [Docket No. 349]. On July 26, 2024, following a hearing, the Court entered its Order [Docket Nos. 368] authorizing the retention of Hilco Real Estate, LLC ("Hilco") as the exclusive real estate broker.

12. On June 28, 2024, the Trustee filed his *Motion: (I) for Authority to Sell of Real Property Located at 903 Edgecliff Terrace, Austin, Texas, 78704, and Related Interests, Free and Clear of All Liens, Claims, and Encumbrances; (II) for Approval of Sale and Notice Procedures;*

*and (III) to Set Final Hearing to Approve Sale and Good Faith Designation to Prevailing Purchaser* [Docket No. 351] (the "Sale Motion"). On August 6, 2024, this Court held the initial hearing to consider the Sale Motion, pursuant to which the Court, *inter alia*: (i) approved certain procedures to govern the marketing and Sale of the Property (the "Sale Procedures"); and (ii) scheduled a Final Sale Hearing to consider the Court's approval of the sale to the Successful Bidder and/or Back Up Bidder [Docket No. 398] ("Initial Sale Order").

13. Simultaneously with his formulation, negotiation and preparation of the Sale Motion, the Trustee further conferred, coordinated and negotiated with Magnolia BridgeCo, to address its stated concerns regarding the potential lack of any equity held by the Estate in the Property and ensure appropriate protections to the Estate in administering same.

14. Pursuant thereto, contemporaneously with the Sale Motion and with the Magnolia BridgeCo's support, the Trustee filed his *Motion For Approval of Stipulation With Magnolia BridgeCo, LLC Regarding Conditional Collateral Surcharge and Priming Liens Pursuant to 11 U.S.C. §§ 506(c) and 364(d)* (the "Financing Motion"). The Financing Motion and proposed stipulated order thereunder essentially provided for Magnolia BridgeCo's willingness to fund the cost of administering the Estate's sale of the Property in the event that the Court-approved Sale, did not produce sufficient net proceeds to fund the corresponding administration of the Estate. On July 25, 2024, this Court entered its *Stipulated and Agreed Order Among Chapter 7 Trustee and Magnolia BridgeCo, LLC, Providing For Conditional Collateral Surcharge and Priming Liens Pursuant to 11 U.S.C. §§ 506(c) and 364(d)* [Docket No. 367].

15. On October 10, 2024, under this Court's authority, supervision, and previously ordered procedures, the Trustee conducted an auction to sell the Property, and at the conclusion of the auction selected a successful bidder (as well as a back up bidder) to purchase the Property, and provided notice of same. *See* Docket No. 419.

16. On October 29, 2024, the Court entered its *Order Granting Motion: (I) for Authority to Sell of Real Property Located at 903 Edgecliff Terrace, Austin, Texas, 78704, and Related Interests, Free and Clear of All Liens, Claims, and Encumbrances; (II) for Approval of Sale and Notice Procedures; and (III) to Set Final Hearing to Approve Sale and Good Faith Designation to Prevailing Purchaser* [Docket No. 422] (the "Final Sale Order").

17. Munsch Hardt thereafter represented the Trustee and coordinated with Magnolia BridgeCo, the Court-approved buyer, Hilco, and the title company, to prepare the sale for closing and accomplish same. The sale has since been closed, with the proceeds of same disbursed as authorized by the Court. *See* Trustee's Report of Sale [Docket No. 425]. In connection with the closing, Munsch Hardt's efficiency in providing its services throughout its engagement enabled the Trustee to reduce his original estimates in connection with the Financing Order, in order to minimize costs of administering the Estate and the corresponding burdens on Magnolia BridgeCo. Through these efforts and efficiencies, the recoveries of the Estate's senior and most significant pre-petition creditor were reasonably maximized.

18. Following the closing of the sale, Munsch Hardt has continued to represent the Trustee to assist him in resolving final duties in connection with his efforts to situate the case and Estate for closure, including but not limited to final reporting, disbursement to the lender of any remaining Estate funds as authorized by the Court and closing the case. Munsch Hardt will continue those services until completed. Accordingly, as the instant Application is a final application in order to promote finality, in addition to the time and expense entries reflected on **Exhibit "A"**, Munsch Hardt has customarily included a requested $5,000 reserve to compensate and reimburse it for additional costs of preparing and resolving this Application to the extent amounts are or were not incurred during the Subject Period, and all such additional, foregoing final duties of administration and corresponding services.

19. Munsch Hardt has represented the Trustee throughout his appointment as Trustee, and has efficiently achieved very successful results under the particular circumstances of this case that was substantially languishing in bankruptcy prior to the Trustee's appointment. These efforts included, without limitation, formulating, coordinating, requesting and implementing proposed bid procedures for the public sale of the Estate's real property assets, and assisting in the resolution of pre-existing disputes regarding pre-petition claims.

20. As set forth above, Munsch Hardt has not filed any prior interim fee applications, nor has Munsch Hardt received retainer or prior funds to secure or pay for its services rendered to the Estate since April 10, 2024.

21. Pursuant to Bankruptcy Rule 2016, Munsch Hardt hereby represents and states for all purposes that has no agreement with any other person or entity (other than Munsch Hardt's internal employees) to share any compensation received and no such agreement will be made except as may be formally approved by this Court upon proper notice.

## IV. BASIS FOR RELIEF REQUESTED

22. Section 330(a) of the Bankruptcy Code provides:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103—
>
> > (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses. . . .
>
> (3) In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> > (A) the time spent on such services;
> >
> > (B) the rates charged for such services;

> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; . . . and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a). Section 331 of the Bankruptcy Code provides that the Court may award interim fees and expenses, subject to the filing of a final fee application at the appropriate time. *See* 11 U.S.C. § 331.

23. In evaluating the reasonableness of fees requested under section 330, bankruptcy courts use the lodestar method, computed by multiplying the number of hours reasonably spent on the work by the prevailing hourly rate and then adjusted upward or downward based on certain factors, including those contained in section 330(a)(3). *Asarco, L.L.C. v. Jordan Hyden Womble Culbreth & Holzer, P.C. (In re Asarco, L.L.C.)*, 751 F.3d 291, 295 (5th Cir. 2014) (citations omitted). The Fifth Circuit has held that "'if a fee applicant establishes that its services were "necessary to the administration" of a bankruptcy case or "reasonably likely to benefit" the bankruptcy estate "at the time at which [they were] rendered," then the services are compensable.'" *Edwards Family P'ship v. Johnson (In re Cmty. Home Fin. Servs.)*, 990 F.3d 422, 427 (5th Cir. 2021) (quoting *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 276 (5th Cir. 2015)).

24. As explained above, and as listed in detail in the Invoice, Munsch Hardt's Requested Fees and Requested Expenses were and are beneficial and critically necessary to the Estate, because they allowed the Trustee to effectively carry out his duties to: (i) oversee and prosecute the identification, assessment, and liquidation of Estate assets; (ii) coordinate with the

Debtor, creditors, and stakeholders to investigate and administer their asserted claims, interests, and related disputes; (iii) administer the Estate and perform the Trustee's corresponding duties arising under the Bankruptcy Code and applicable law, including but not limited to coordinating with the U.S. Trustee and preparing and obtaining Court approval for applications to employ Estate professionals to assist the Trustee in carrying out his fiduciary duties to the Estate; and (iv) reasonably maximize the value of the Estate's assets through the resolution of outstanding claims, sale of assets, and other contested matters raised by parties in interest.

25. Simply put, in this case, without the Financing Order and Sale Motion, there could have been no beneficial administration of the Chapter 7 Estate, nor would the pre-petition secured lender have been able to receive any recoveries through the Estate. Munsch Hardt ably assisted the Trustee in his efforts to address, resolve and accomplish same, and accordingly submits that the results obtained for the benefit of the Estate surpass any prospects that could possibility have been realized absent Munsch Hardt's substantial, earnest and good faith services rendered to the Estate.

26. In addition to the foregoing, Munsch Hardt submits that its Requested Fees are reasonable based on the hourly rates charged in relation to the local market and in relation to the rates charged by comparable professionals and, based on **Exhibit "A"** and the fee application summary included with this Application, are reasonable when considering the experience and hourly rates of the attorneys used and establish that Munsch Hardt has staffed and administered this representation with great efficiency. The detailed time entries set forth on **Exhibit "A"** represent actual time spent by Munsch Hardt prosecuting its representation and were contemporaneously recorded at the time of rendition of the services. Munsch Hardt consistently allocated work and staffing under this representation in order to maximize efficiency, reduce expense, and avoid duplication of services.

27. Therefore, based on the representations in this Application, **Exhibit "A"** hereto, the Court's own familiarity with the Bankruptcy Case and the proceedings therein, Munsch Hardt submits that its Application, including its Requested Fees and Requested Expenses, should be fully allowed on a final basis, including for prompt, final payment by the Trustee of the Requested Fees and all out of pocket expenses actually incurred, on an final basis.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Munsch Hardt respectfully requests that the Court enter an order: (i) granting this Application; (ii) approving the Requested Fees and Requested Expenses on final basis; (iii) authorizing and directing the Trustee to pay Munsch Hardt $68,926.00 and reimbursement of expenses incurred in the amount of $280.33; and (iv) granting Munsch Hardt such other and further relief as the Court may deem just and proper.

Dated: January 22, 2025

Respectfully submitted,

By: */s/ Jay H. Ong*

Jay H. Ong
Texas Bar No. 24028756
Beverly A. Bass
Texas Bar No. 24125116
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149
Email: jong@munsch.com
bbass@munsch.com

**Counsel For Randolph N. Osherow, Chapter 7 Trustee**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 22nd day of January 2025, she personally caused true and correct copies of the foregoing pleading, together with all exhibits thereto, to be served electronic mail upon Mr. Ali Choudhri and Jetall Capital, via ali@jetallcapital.com, and by electronically filing it with the Court using the Court's CM/ECF system, which sent notification to the following:

James Q. Pope, on behalf of the Debtor
ecf@thepopelawfirm.com

Shane P. Tobin, on behalf of the U.S. Trustee
Shane.p.tobin@usdoj.gov

Robert P. Debelak III, on behalf of Magnolia BridgeCo LLC
Robert.debelak@mhllp.com

Mark A. Junell, on behalf of NIA ATX, LLC
mark@junellfirm.com

W. Steven Bryant, on behalf of Woodforest National Bank
sbryant@lockelord.com

By: */s/ Beverly Bass*
Beverly A. Bass, Esq.